J-S35011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIJAH MOORER JR. | : | |
| | : | No. 546 MDA 2023 |
| Appellant | | |

Appeal from the PCRA Order Entered March 24, 2023
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000532-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIJAH MOORER, JR.     APPELANT | : | |
| | : | No. 783 MDA 2023 |

Appeal from the PCRA Order Entered March 24, 2023
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002037-2012

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: DECEMBER 20, 2023**

---

[*] Retired Senior Judge assigned to the Superior Court.

Elijah Moorer, Jr. appeals *pro se* from the orders[1] dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9545. We affirm.

On December 9, 2013, Moorer pleaded guilty to multiple counts of drug delivery and violations of the Uniform Firearms Act. Ultimately, on March 31, 2015, the trial court sentenced Moorer to 36 to 72 years in prison. This Court affirmed the judgment of sentence. **See Commonwealth v. Moorer**, 742 MDA 2015 (Pa. Super. filed Feb. 10, 2016) (unpublished memorandum).

Subsequently, Moorer filed a timely PCRA petition, which the PCRA court denied. This Court affirmed the denial. **See Commonwealth v. Moorer**, 1646 MDA 2017 (Pa. Super. filed Sept. 18, 2018) (unpublished memorandum). Moorer then filed numerous PCRA petitions and supplemental filings, which

---

[1] We note that Moorer filed identical notices of appeal, listing both trial court docket numbers. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (stating that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case"), *overruled in part*, **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (reaffirming **Walker**, but holding Pa.R.A.P. 902 permits an appellate court discretion to allow the correction of an error where appropriate); **see also** Pa.R.A.P. 902 (amended May 18, 2023). Here, in each notice of appeal, Moorer designates the docket number at issue by highlighting the proper case number — the notice of appeal at 546 MDA 2023 highlights CP-14-CR-0000532-2013 and the notice of appeal at 783 MDA 2023 highlights CP-14-CR-0002037-2012. Therefore, we concluded Moorer has substantially complied with the rule and decline to remand for the filing of corrected notices of appeal. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (noting that where separate notices of appeal are filed at multiple dockets, the inclusion of multiple docket numbers on each notice of appeal does not invalidate the notices of appeal).

the PCRA court denied in various orders. This Court dismissed Moorer's appeals due to his failure to comply with the Rules of Appellate Procedure. *See Commonwealth v. Moorer*, 1704 MDA 2019, 1751 MDA 2019, 1752 MDA 2019 (Pa. Super. filed Nov. 19, 2020) (unpublished memorandum).

On February 27, 2023, Moorer filed the instant PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice, noting that the PCRA petition was patently untimely and that Moorer had raised identical claims in prior PCRA petitions. Moorer filed a response. Thereafter, the PCRA court dismissed the petition without a hearing. This timely appeal followed.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in … the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Taylor*, 283 A.3d 178, 184 (Pa. 2022).

Here, Moorer's judgment became final on March 11, 2016, when the time to seek review in our Supreme Court expired. ***See*** Pa.R.A.P. 1113(a) (requiring that a petition for allowance of appeal be filed within 30 days after the entry of the order sought to be reviewed). Therefore, Moorer's petition, filed on February 27, 2023, is facially untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

Here, Moorer did not sufficiently plead any of the above timeliness exceptions. In fact, Moorer baldly cited to the governmental interference exception in both his PCRA petition and appellate brief but provided no further

- 4 -

explanation or evidence supporting the exception. Significantly, Moorer has not established that he raised any such claims within one year of when they could have been presented or dispute that he has raised these claims in prior PCRA petitions. To the extent Moorer raises a substantive ineffective assistance of counsel claim, it does not implicate any of the exceptions to the PCRA time-bar. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to ineffective assistance of counsel claims). As we are without jurisdiction to address the merits of Moorer's PCRA petition, the PCRA court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/20/2023